## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **YOKE TIONG TAN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **ALLSTATE INSURANCE COMPANY** | : | **NO. 23-4481** |

### MEMORANDUM

**Savage, J.**                                                                                          **April 30, 2024**

The issue in this action for breach of a fire insurance contract is whether the computation of time subsection of the Statutory Construction Act of 1972, 1 Pa. Cons. Stat. § 1908, governs how the one-year limitation provision in the contract is computed. We hold that it does.

Plaintiff Yoke Tiong Tan claims that Allstate Insurance Company ("Allstate") denied coverage for fire damage to his home in breach of the parties' standard fire insurance contract. Moving for judgment on the pleadings, Allstate contends that the action is time-barred by the policy's contractual limitation provision because Tan filed his lawsuit one day late.[1] Tan contends that because the filing deadline fell on a Sunday, the last day to file was the following Monday.[2]

We conclude that the statutorily mandated one-year limitation to file an action for breach of a standard fire insurance contract is governed by the computation of time section of the Statutory Construction Act. Therefore, because Tan filed this action on

---

[1] Def., Allstate Vehicle and Property Ins. Co.'s Mem. of L. in Supp. of its Mot. for J. on the Pleadings at 4, ECF No. 20-2 ["Def.'s Mot. J. on Pleadings"].

[2] Pl. Yoke Tan's Resp. to Def. Mot. for J. on the Pleadings at 5-6, ECF No. 22 ["Pl.'s Resp."].

the last day of the limitation period as computed under that statute, we shall deny Allstate's motion.

## Analysis

The insurance contract provides in relevant part:

> No one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a coverage to which Section I Conditions[3] applies, unless:
> a) there has been full compliance with all policy terms; and
> b) the action is commenced within one year after the inception of loss or damage.[4]

Tan does not challenge the validity of the contractual limitation period. He argues that applying the computation of time provision in the Statutory Construction Act extended the limitation period to the date he filed his action.

The one-year limitation period specified in the insurance contract is mandated by statute. Section 636 of the Pennsylvania Insurance Company Law of 1921 requires the inclusion of a one-year limitation clause in fire insurance policies. It provides in relevant part:

> 2. Except as provided elsewhere in this section, no insurance company, association or exchange shall issue a policy affording fire insurance, as defined in this section, on property in this Commonwealth, unless such policy contains the following provisions as to such insurance: […]
> Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been

---

[3] Section I of the contract applies to property damage. Allstate Vehicle and Property Ins. Co. Standard House & Home Policy § 1 (attached as Ex. D to Def.'s Mot. J. on Pleadings), ECF No. 20-7 ["Policy"].

[4] *Id.* § 1 ¶ 12.

> complied with, and unless commenced within twelve months
> next after inception of the loss.

40 P.S. § 636(2).

Pennsylvania's one-year limitation clause "represents a legislative determination of a reasonable period within which suits must be brought, a careful balancing of the interests of both insurers and insureds." *Dutton v. Foremost Ins. Co.,* 311 A.3d 555 (Pa. Super. Ct. 2023) (quoting *Schreiber v. Pa. Lumberman's Mut. Ins. Co.*, 444 A.2d 647, 649 (Pa. 1982)). Even though the one-year limitation is part of the insurance contract, it is a creature of statute. So, we look to the computation of time provisions in the Statutory Construction Act to calculate the last day to file an action.

The computation of time subsection reads:

> When any period of time is referred to in any statute, such period in all cases, except as otherwise provided in section 1909 of this title (relating to publication for successive weeks) and section 1910 of this title (relating to computation of months) shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.

1 Pa. Cons. Stat. § 1908.

Here, the fire occurred on July 2, 2022. The last day of the limitation period fell on a Sunday, July 2, 2023. Omitting that day from the computation, the last day to file the action was July 3, 2023—the day Tan filed this action. Therefore, because Tan filed this action within the statutorily prescribed time, we shall deny the motion for judgment on the pleadings.