IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **YOKE TIONG TAN** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **ALLSTATE INSURANCE COMPANY** | : | **NO. 23-4481** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                            **November 7, 2024**

After Allstate Insurance Company ("Allstate") denied coverage for fire damage to his insured property, Yoke Tiong Tan brought this breach of contract action. Allstate now moves for summary judgment, arguing that the policy covered only the policyholder's private residence and the undisputed facts show that Tan used the property as a rental property. Tan insists the property was his private residence.

We agree that the undisputed facts, as revealed by Tan himself, demonstrate that he was not using the property as his private residence, but as a rental property. Therefore, because the policy covered only property used principally as a private residence, we shall grant Allstate's motion for summary judgment.

## Background

In 2018, Tan purchased a five-bedroom home at 616 Federal Street in Philadelphia, Pennsylvania.[1] He purchased a homeowners insurance policy for the property, including coverage for fire loss, from Allstate.[2]

---

[1] Second Am. Compl. ¶¶ 9–10, ECF No. 14.

[2] *Id.* ¶¶ 8–9; Renewal Standard House & Home Policy, Declarations Page (attached as Ex. B to Def., Allstate Vehicle and Prop. Ins. Company's Mem. of L. in Supp. of Its Mot. for Summ. J., ECF No. 32-1 ["Allstate's Br."]), ECF No. 32-5 ["Policy"].

On July 2, 2022, an overheated cell phone belonging to a renter caused a fire at the property.[3] Tan filed a claim with Allstate for fire, smoke and water damage.[4] The Allstate adjuster spoke with Bob Disbrow, a fire cause and origin expert.[5] Disbrow told the adjuster that he believed Tan was renting out the property through Airbnb, a website for listing short-term rentals.[6]

Allstate referred the claim to its Special Investigation Unit, citing evidence that the insured property was "non-owner occupied" and that Tan may have concealed material facts.[7] In a recorded statement, Tan admitted he was using the property as an Airbnb at the time of the fire.[8] After learning Tan was renting out the property, Allstate referred the claim to outside counsel to conduct an examination under oath and evaluate the claim.[9]

In the examination, Tan testified that he had his own bedroom at the property but would only sleep there when it was not rented.[10] His aim was to rent all five bedrooms.[11] If all five bedrooms were rented, he would stay at another property he owned where his mother lived.[12] Renters had access to their bedrooms and the common areas.[13]

---

[3] City of Phila. Fire Dep't, Report of Fire Alarm (attached as Ex. C to Allstate's Br.), ECF No. 32-6; July 12, 2022 Claim Note (attached as Ex. F to Allstate's Br.), ECF No. 32-9.

[4] First Notice of Loss Snapshot (attached as Ex. D to Allstate's Br.), ECF No. 32-7.

[5] July 13, 2022, 8:57 a.m., Claim Note (attached as Ex. G to Allstate's Br.), ECF No. 32-10.

[6] *Id.*

[7] July 13, 2022, 9:59 a.m., Claim Note (Attached as Ex. H to Allstate's Br.), ECF No. 32-11.

[8] Recorded Stmt. Tr. 4 (attached as Ex. J to Allstate's Br.), ECF No. 32-13.

[9] Nov. 24, 2022 Claim Note (attached as Ex. N to Allstate's Br.), ECF No. 32-17.

[10] Examination Under Oath 15:18–16:19 (attached as Ex. R to Allstate's Br.), ECF No. 32-21.

[11] *Id.* at 18:11–13.

[12] *Id.* at 15:18–20, 9:20–24.

[13] *Id.* at 20:10–18.

Tan claimed that he visited the property every day and considered it his primary residence.[14] He stated that at the time of the fire, he was not staying there because all five bedrooms were rented.[15] He confirmed that the cellphone that caught fire belonged to one of the Airbnb guests, who had prepaid for a 61-night stay at the property.[16]

Allstate denied Tan's claim.[17] It explained that the Dwelling Protection under Coverage A only extends to the property where the insured resides and is principally used as a private residence.[18] It concluded that the policy does not provide coverage "for the Property as a rental or commercial property."[19] Because Tan testified that he only stayed at the property 50% of the time, rented all five bedrooms whenever he could, and was not residing at the property at the time of the fire, Allstate denied coverage.[20]

Allstate also noted the policy provision that required Tan to notify it of changes in use or occupancy.[21] It reserved its right to disclaim coverage under the exclusion for "any loss or occurrence" in which an insured concealed or misrepresented a material fact or circumstance.[22]

During his deposition, Tan testified that he did in fact tell his Allstate agent he was renting out the property on Airbnb.[23] When confronted with the testimony from his

---

[14] *Id.* at 15:9-13, 16:20-22.

[15] *Id.* at 29:19-22.

[16] *Id.* at 18:24-19:7, 17:5-19.

[17] Denial Letter (attached as Ex. U to Allstate's Br.), ECF No. 32-24.

[18] *Id.* at 2.

[19] *Id.*

[20] *Id.* at 3.

[21] *Id.* at 2.

[22] *Id.* at 3.

[23] Yoke Tiong Tan Dep. Tr. 30:16-31:12 (attached as Ex. V to Allstate's Br.), ECF No. 32-25 ["Tan Dep."].

3

examination under oath, in which he claimed not to know or remember whether he informed his Allstate agent of the Airbnb renters, Tan explained that he was "trying not to involve her" and did not "want to jeopardize her name."[24]

## Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Judgment will be entered against a party who fails to sufficiently establish any element essential to that party's case and who bears the ultimate burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Gillispie v. RegionalCare Hosp. Partners Inc.*, 892 F.3d 585, 592 (3d Cir. 2018).

In examining a motion for summary judgment, we must view the facts in the light most favorable to the nonmovant and draw all reasonable inferences in his favor. *Peroza-Benitez v. Smith,* 994 F.3d 157, 164 (3d Cir. 2021) (citing *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015)). Disagreements over what inferences may be drawn from the facts, even undisputed ones, preclude summary judgment. *Revock v. Cowpet Bay W. Condo. Ass'n,* 853 F.3d 96, 112 (3d Cir. 2017) (citing *Windsor Sec., Inc. v. Hartford Life Ins. Co.*, 986 F.2d 655, 659 (3d Cir. 1993)). Credibility determinations, the drawing of legitimate inferences from facts, and the weighing of evidence are matters left to the jury. *In re Asbestos Prod. Liab. Litig. (No. VI),* 822 F.3d 125, 135–36 (3d Cir. 2016) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986)). Bare assertions, conclusory

---

[24] *Id.* at 44:4-21.

allegations or suspicions are not sufficient to defeat summary judgment. *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982).

## Analysis

The interpretation of an insurance contract is a question of law. *Am. Home Assurance Co. v. Superior Well Servs., Inc.,* 75 F.4th 184, 188 n.4 (3d Cir. 2023) (quoting *401 Fourth Street, Inc. v. Inv'rs Ins. Grp.,* 879 A.2d 166, 171 (Pa. 2005)). A court must interpret the plain language of the insurance contract read in its entirety, giving effect to all its provisions. *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 141 (3d Cir. 2023). When the policy terms are clear and unambiguous, the words are construed by their "plain and ordinary" meaning. *Id.* at 140; *Ungarean v. CNA & Valley Forge Ins. Co.*, --- A.3d --- (Pa. 2024) (*quoting Pa. Nat'l Mut. Cas. Ins. Co. v. St. John*, 106 A.3d 1, 14 (Pa. 2014)).

The parties do not dispute that the policy language is clear and unambiguous. They disagree on how the facts are interpreted when applying them to this language. They agree that the policy covers only property used by the insured as his private residence. They disagree whether the property was principally used as Tan's private residence.

Allstate contends that because Tan was renting out all five bedrooms at the time of the fire, he was not using the property "principally" as his private residence.[25] Tan contends that the property was his primary residence.[26] He argues that summary judgment on the issue of his residency is precluded because he slept at the property at least half of the time, visited the property every day, and listed the property as his primary

---

[25] Allstate's Br. 21–22; Def., Allstate Vehicle and Prop. Ins. Company's, Reply in Supp. of Its Mot. for Summ. J. 1–2, ECF No. 38.

[26] Pl.'s Mem. of L. in Opp'n to Def.'s Mot. for Summ. J. 11–13, ECF No. 35.

address on his tax forms, bank accounts, water bill, electric bill and voter registration.[27]

The policy covers "[y]our dwelling, including attached structures."[28]  The policy defines "dwelling" as "the single-family building structure, identified as the insured property on the Policy Declarations, where you reside and which is principally used as a private residence."[29]

In other words, the policy's dwelling protection sets forth two preconditions for coverage.  Tan must establish that he resided at the property and used it principally as a private residence.  As the parties agree, this language is clear and unambiguous.

Tan's insistence that the property was his primary residence is belied by his own account of how he used the property.  Even if he demonstrated that he resided at the property, Tan must also prove he was using it principally as a private residence.  The undisputed evidence shows that he was not.  It was primarily used as a rental property.

Tan testified that he only slept at the property about half the time.  He would "try" to rent out all five bedrooms in the home, and only stayed there when he was unable to rent all five bedrooms.  When the five rooms were rented, he stayed at another property with his mother.  He testified that he purchased the property to rent out some of the rooms.[30]  At the time of the fire, all five bedrooms were rented and he was staying at his other property.  Renters had access to all common areas.  Tan did not maintain any private living space in the home.

In short, Tan was not using the property "principally" as a private residence.  He

---

[27] *Id.* at 11–12.

[28] Policy 5.

[29] Policy 3.

[30] Tan Dep. 17:23-18:1.

was using it as a source of rental income.  Therefore, the loss is not covered under the unambiguous terms of the policy.[31]

---

[31] Because we find there is no coverage under Allstate's dwelling protection, we do not address Allstate's argument that the loss is not covered because Tan failed to notify his agent of the rental use and misrepresented material facts.